# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MOM365, INC., f/k/a OUR365, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-01226 JAR |
| | ) | |
| CHRISTINE PINTO and | ) | |
| MARIE BROWNRIGG, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Mom365, Inc. ("Mom365")'s Motion for an Award of Attorneys' Fees (Doc. No. 30) and Defendants' Motion for an Award of Attorneys' Fees and Costs (Doc. No. 34). The motions are fully briefed and ready for disposition. For the following reasons, Mom365's motion will be granted in part and Defendants' motion will be denied.

### I.   Background

This case arises out of a breach of contract action brought by Mom365, a photography business related to newborns, against its former employees, Defendants Christine Pinto and Marie Brownrigg. During their tenure with Mom365, Defendants executed several non-compete, non-solicitation, and/or confidentiality agreements. In June 2018, an investor purchased all of the stock of Mom365 and required all employees to reaffirm their existing non-solicitation and confidentiality obligations. Both Defendants signed Employee Confidentiality, Non-Solicitation, Release and Arbitration Agreements (the "June 2018 Agreements") requiring that for a period of one year following termination of their employment, "they neither solicit [Mom365's] customers or employees nor disclose or use [Mom365's] "confidential information." Defendants were

terminated in July 2018. In April 2019, after learning that Defendants had joined a startup newborn photography business, Mom365 sent cease and desist letters to both Defendants. When neither responded, Mom365 send further demand letters to Defendants. Pinto did not respond; Brownrigg responded by challenging the enforceability of the June 2018 Agreements. On May 13, 2019, Mom365 filed a complaint for injunctive relief and damages as well as a motion for temporary restraining order.

On May 15, 2019, the Court entered a temporary restraining order enjoining Defendants from soliciting customers or employees of Mom365 for a period of one year following the termination of their employment in accordance with the terms of the June 2018 Agreements. (Doc. No. 17). On June 13, 2019, the Court entered a Consent Permanent Injunction Order to that effect. (Doc. No. 28). Both sides have now filed motions for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d). Mom365 seeks attorneys' fees of $81,990 and expenses of $3,030.05 (Doc. No. 30); Defendants seek attorneys' fees and costs of $13,091.48 (Doc. No. 34).

**II.     Discussion**

**A.     Prevailing party**

If contractually permitted, a prevailing party may recoup attorneys' fees incurred enforcing the contract. <u>DocMagic, Inc. v. Mortg. P'ship of Am., L.L.C.</u>, 729 F.3d 808, 812 (8th Cir. 2013) (applying Missouri law). Here, the June 2018 Agreements permit an award of "reasonable attorneys' fees, costs and disbursements" to the prevailing party in an action "to enforce or interpret the terms of this Agreement." Mom365 maintains it is the prevailing party because it successfully enforced the June 2018 Agreements, securing both a temporary

restraining order and a permanent injunction – the relief sought in its complaint. Defendants contend they are prevailing parties because the Court rejected Mom365's attempt to rely on the previous agreements and their broader non-compete provisions, despite the express language of the June 2018 agreement that it "supersedes all prior agreements … relating to the subject matter of this Agreement," which ultimately controlled the parties' resolution of this lawsuit.

Plaintiffs may be considered prevailing parties for purposes of recovering attorneys' fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Phelps-Roper v. Schmitt, No. 06-4156-CV-C-FJG, 2019 WL 2152519, at *2 (W.D. Mo. Mar. 27, 2019) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Furthermore, the relief must " 'materially alter[ ] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " Id. (quoting Doe v. Nixon, 716 F.3d 1041, 1048 (8th Cir. 2013)); see also Farrar v. Hobby, 506 U.S. 103, 111–12, (1992).

Mom365 is the prevailing party in this action because the Court's temporary restraining order and consent permanent injunction order changed the legal relationship between the parties. See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees). Because Defendants are not the prevailing parties in this case, they are not entitled to an award of attorneys' fees. Accordingly, under the terms of the June 2018 Agreements, Mom365 is entitled to reasonable attorneys' fees and costs. "The amount of the fee must be determined on the facts of each case, and the district court has wide discretion in making this determination." Safelite Grp., Inc. v.

Rothman, 759 F. App'x 533, 535 (8th Cir. 2019) (quoting Rogers v. Kelly, 866 F.2d 997, 1001 (8th Cir. 1989)). Defendants on the other hand are not entitled to an award of attorneys' fees.

### B. Determining reasonable attorney fees

To determine the amount of a reasonable fee, the Court uses the "lodestar method," where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Abdullah v. County of St. Louis, Mo., No. 4:14CV1436 CDP, 2015 WL 5638064, *1 (E.D. Mo. Sept. 24, 2015) (citations omitted). The party seeking fees is responsible for providing evidence of hours worked and the rate claimed. Wheeler v. Mo. Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003). The district court is required to exclude from the initial fee calculation hours that were not "reasonably expended," i.e., that are "excessive, redundant or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

**Reasonable hourly rate**

In general, a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience and reputation. Safelite Grp., Inc. v. Rothman, No. CV 15-1878 (SRN/KMM), 2017 WL 3495768, at *6 (D. Minn. Aug. 11, 2017), aff'd, 759 F. App'x 533 (8th Cir. 2019). In determining a reasonable hourly rate, "district courts may rely on their own experience and knowledge of prevailing market rates." Id. (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)). The court should also consider:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the

client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

Thornton v. Mainline Commc'ns, LLC, No. 4:12-CV-00479 SNLJ, 2016 WL 687844, at *1 (E.D. Mo. Feb. 19, 2016).

**Hours reasonably expended**

In addition to establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees has the burden of proving that the fees and costs taxed were reasonably necessary to achieve the result obtained. See Wheeler v. Missouri Highway & Transp. Com'n, 348 F.3d 744, 754 (8th Cir. 2003) (citing Hensley, 461 U.S. at 433, 434). The court reviews billing records submitted in support of the fee request to determine whether the hours were reasonably incurred or if any of the hours were "excessive, redundant, or otherwise unnecessary." See Robinson v. Custom Tree & Lawn Service, Inc., No. 4:08-CV-992 CAS, 2010 WL 3399076, at *2 (E.D. Mo. Aug. 26, 2010).

Mom365 seeks $81,990 as a "reasonable fee" incurred for initiating and prosecuting this case and $3,030.05 in expenses. In support of its motion, Mom365 submits the declarations of attorneys Paula K. Jacobi and Timm W. Schowalter detailing the hours spent on the case through June 2019 as well as the hourly rate range. (Doc. Nos. 32, 33). Specifically, Mom365 seeks $565 per hour for attorney Paula Jacobi's 58 hours of work; $560 per hour for attorney Denise Lazar's 41.7 hours of work; $495 per hour for attorney Gregory Gistenson's 22.8 hours of work; $390 per hour for attorney Amy Michelau's 1.8 hours of work; $375 for attorney Dana Sarros' 3.8 hours of work; $270 per hour paralegal Kathleen Murphy's 3.3 hours of work; $270 per hour for paralegal Cynthia Hendezel's .9 hours of work; $350 per hour for attorney Timm Schowalter's

18.1 hours of work; $350 per hour for attorney Timothy Sansone's 2.5 hours of work; $270 per hour for attorney Joseph Devereux's 14.1 hours of work; and $160 per hour for paralegal Kristy Mitchell's 1.9 hours of work. Defendants do not object to the hourly rates, and the Court finds the requested rates are reasonable for attorneys in the St. Louis metropolitan area with comparable skills, experience and qualifications. See Hanig, 415 F.3d at 825 (authorizing district courts to rely on their own experience and knowledge of market rates when determining reasonable hourly rates). However, the Court finds that the billing rates for paralegals Kathleen Murphy and Cynthia Hendezel are not consistent with the rates charged for legal support staff in the St. Louis area and will, therefore, reduce their hourly rate to $170. See Banks v. Slay, No. 4:13CV02158 ERW, 2016 WL 5870059, at *3 (E.D. Mo. Oct. 7, 2016), aff'd, 875 F.3d 876 (8th Cir. 2017) (referencing a general market survey indicating that paralegals on average are paid an hourly rate of $170).

With regard to hours expended, Mom365 identifies eight attorneys and three paralegals who together billed 168 hours "on this matter." The Court recognizes that difficult cases with multiple parties require the participation of multiple attorneys on one side and/or the other; however, Mom365 fails to explain why this relatively straightforward lawsuit required eight different attorneys to work on the case. Courts have reduced hours awarded when multiple attorneys work on the same tasks as one another. Indeed, the simple factor of having an excessive number of attorneys without an adequate explanation as to need or necessity has resulted in a reduction of claimed time. See e.g., St. Louis Effort for AIDS v. Lindley-Myers, No. 13-4246-CV-C-ODS, 2018 WL 1528726, at *4-5 (W.D. Mo. Mar. 28, 2018). Further, several entries in counsel's billing records combine several tasks in one entry. Although the tasks

themselves are sufficiently detailed within the entry, the specific billable time spent on each task is not identified. Although the Eighth Circuit does not prohibit "block billing," district courts are authorized to apply a percentage reduction for inadequate documentation that hinders the court's ability to conduct a meaningful review. Am. Modern Home Ins. Co. v. Thomas, No. 4:16 CV 215 CDP, 2019 WL 3976355, at *5 (E.D. Mo. Aug. 22, 2019)

After a review of the billing records submitted, the Court concludes that a reduction of the hours expended by Mom365's counsel is warranted considering the relief granted and the fact that Defendants did not oppose much of it. The Court acknowledges that Mom365's cease and desist letters were initially ignored, which necessitated the filing of the case. However, once filed, Defendants immediately offered to settle the case in return for their agreement to comply with the June 2018 Agreements for the remainder of the one-year term. As a result, many of the discovery-related entries are not necessary. Similarly, the Court finds the time spent by five attorneys (approximately 37 hours) researching, drafting, and finalizing the pleadings filed in this case, and the almost 30 hours spent by three attorneys preparing and participating in the TRO hearing, which lasted 90 minutes, is excessive.

A district court may in the exercise of its discretion use a percentage reduction – instead of line-by-line cuts – as a practical means of reducing fee claims. See, e.g., Fletcher v. Tomlinson, No. 4:14-cv-999 RLW, 2016 WL 6069497, at *9 (E.D. Mo. Oct. 14, 2016) (reducing plaintiff's requested attorneys' fee award by forty-five percent); Maher v. Barton, No. 4:13-CV-2260 (CEJ), 2014 WL 1316936, at *3 (E.D. Mo. Apr. 2, 2014) (applying a fifty percent reduction to adjust for excessive billing); Marez v. Saint-Gobain Containers, Inc., No. 4:09CV999 MLM, 2011 WL 19390706, at *13 (E.D. Mo. May 18, 2011) (reducing plaintiff's

requested attorneys' fee award by fifty percent). In light of the facts and circumstances of this case, the Court will reduce Mom365's requested attorneys' fee award by sixty (60) percent, to $32,796.00. Again, this was a straightforward case involving the enforcement of a non-compete clause with almost no opposition from Defendants. Defendants do not object to Mom365's expenses, and the Court finds $3,030.05 to be reasonable based on Mom365's itemized expenses.

### III. Conclusion

For these reasons, the Court awards Mom365 **$32,796.00** for attorney's fees and **$3,030.05** in expenses, for a total award of **$35,826.05**.

Accordingly,

**IT IS HEREBY ORDERED** that Mom365, Inc.'s Motion for an Award of Attorneys' Fees [30] is **GRANTED in part** and **DENIED in part** in accordance with the rulings herein.

**IT IS FURTHER ORDERED** that Defendants' Motion for an Award of Attorneys' Fees and Costs [34] is **DENIED.**

Dated this 14th day of November, 2019.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**